_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM  Date: February 28, 2023

Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Not Present                                                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE**

### I.    Background

On August 1, 2022, Mark Irvin Ritchie initiated this RICO action against the Securities and Exchange Commission ("SEC") in the United States District Court for the Northern District of Texas, purportedly on behalf of Patrick Jevon Johnson. (*See* Dkt. 1 ("Compl.").) Mr. Ritchie alleges he may represent Mr. Johnson in this action because he exercises "power of attorney for the Patrick Jevon Johnson Ecclesiastical Estate." (*Id.* at 2.) On August 17, 2022, this case was transferred to the Central District of California. (Dkt. 6.) On January 24, 2023, the case was transferred to this court because it is related to another matter pending before this court, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM. (Dkt. 30.)

Mr. Ritchie also appeared in the related case, purporting to represent Mr. Johnson and two other defendants, Frank Ekejija and NVC Fund, LLC. On November 2, 2022, Mr. Ritchie filed a Notice of Appearance using the Central District of California's Form G-123 titled "Notice of Appearance or Withdrawal of Counsel." *See* Notice of Appearance or Withdrawal of Counsel For Attorney Mark-Irvin Ritchie Counsel for Defendants Frank Ekejija, Patrick Jevon Johnson, NVC Fund, LLC, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Nov. 2, 2022), Dkt. 173. The Notice of Appearance did not include a California state bar number or similar information identifying Mr. Ritchie as an attorney in good standing admitted

---

**CIVIL MINUTES – GENERAL**                                                                                                  1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                                   Date: February 28, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

to this court or any other jurisdiction; instead, the form indicated that Mr. Ritchie intended to appear pro hac vice and listed an address for Mr. Ritchie in Georgia. *Id.* at 1. Mr. Ritchie also filed a "Letter from Mark-Irvin Ritchie re filing a G-123" on the same day, stating "[t]his is an effort to justify extraordinary ex parte relief for defendants who are deeply disadvantaged by irreparable prejudice against parties who are without fault, i.e., no claims nor allegations regarding damage against them." *See* Letter from Mark-Irvin Ritchie Re Filing A G-123 with the Clerk, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Nov. 2, 2022), Dkt. 172 at 1. In that filing, Mr. Ritchie indicated he was not an attorney stating: "I do not practice law, I am ecclesiastically and constitutionally bound to enforce the law." *Id.*

On November 15, 2022, the court struck Mr. Ritchie's filings as impermissible filings by a non-attorney not appearing pro se. *See* Order Striking Filings by Non-Attorney, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Nov. 15, 2022), Dkt. 187. The court similarly struck additional filings from Mr. Ritchie on December 20, 2022, and January 3, 2023. *See* Order Striking Affidavit, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Dec. 20, 2022), Dkt. 192; Order Striking Objection and Notice, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Jan. 3, 2023), Dkt. 196.

## II.     Legal Standard

"The causes of action on which civil litigants may proceed without counsel are limited by statute." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). "The general rule establishing the right of an individual to represent oneself in all federal courts of the United States is contained in 28 U.S.C. § 1654." *Id.* This statute provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." 28 U.S.C. § 1654; *see also C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (explaining statute's history and meaning). "It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon*, 546 F.3d at 664 (citing *McShane v. United States*, 366 F.2d

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                          Date: February 28, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

286, 288 (9th Cir. 1966)). Thus, a non-attorney "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Tr.*, 818 F.2d at 697; *see also Simon*, 546 F.3d at 664-65 (collecting cases).

The Central District of California's Local Rules mirror this well-established rule by generally requiring "an appearance for the Court on behalf of another person, an organization, or a class [to] be made only by members of the Bar of this Court, as defined in L. R. 83-2.1.2," absent limited exceptions inapplicable here. L. R. 83-2.1.1.1. The Local Rules further provide that "[a]ny person representing himself or herself in a case without an attorney must appear pro se for such purpose," and "that representation may not be delegated to any other person -- even a spouse, relative, or co-party in the case." L. R. 83-2.2.1.

### III. Discussion

Mr. Ritchie filed this Complaint as a purported representative of Mr. Johnson. (*See generally* Compl.; Dkt. 4.) However, as with the related case, the record reflects that Mr. Ritchie is not a licensed attorney. *See C.E. Pope Equity Tr.*, 818 F.2d at 697. The court observes that since filing the Complaint, Mr. Ritche has not submitted a state bar number in any filing, an application to appear pro hac vice, or any document specifying his credentials to appear before the court. (*See generally* Dkt.) In fact, Mr. Ritchie asserts that he does not require a license to practice law to appear before the court. (*See, e.g.*, Compl. at 2 ("Ritchie is not a B.A.R. Attorney nor does he aspire to be one. The B.A.R. is not required to secure justice nor is the B.A.R. the republic form of government and therefore cannot be used to block our access to justice.").) Because Mr. Ritchie explicitly indicates he is not a licensed attorney, the court finds he "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Tr.*, 818 F.2d at 697; *see also* L. R. 83-2.1.1.1; L. R. 83-2.2.1.

Furthermore, the court finds Mr. Ritchie's purported power of attorney as to Mr. Johnson does not alter that conclusion. *See Bank of N.Y. Mellon v. Perry*, 2017 WL 5709894, at *5 (D. Haw. Nov. 27, 2017) ("[Non-attorney] is cautioned that he may not represent [Defendant] under a 'Special Power of Attorney,' or as his duly 'authorized Trustee,' or 'agent.'"); *Barker v. JP*

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                                          Date: February 28, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

___

*Morgan Chase Bank*, 2016 WL 9453816, at *1 (N.D. Ga. Mar. 25, 2016) ("[T]he existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney.").

Based on the record, as applied to the applicable law, the court hereby **ORDERS** Plaintiff Patrick Jevon Johnson to show cause in writing why the Complaint should not be stricken as an impermissible filing by a non-attorney not appearing pro se.  The court again advises Plaintiff that pro se parties must comply with all court orders, the Central District of California's Local Rules,[1] and the Federal Rules of Civil Procedure.[2]  *See* L. R. 83-2.2.3.  Failure to comply with the court's order may result in sanctions, including dismissal of the case.  *See* Fed. R. Civ. P. 41(b*); Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiffs action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

/ / /

___

[1] The Local Rules are available at http://www.cacd.uscourts.gov/court-procedures/local-rules.
[2] The Court may not provide legal advice to any party, including pro se litigants.  Plaintiffs are advised that the Federal Pro Se Clinic offers free information and guidance to individuals representing themselves in federal civil actions.  The Santa Ana Clinic operates by appointment only.  You may schedule an appointment either by calling the Clinic or by using an internet portal.  You can call the Clinic at 714-541-1010, ext. 222, or you can submit an internet request at: https://prose.cacd.uscourts.gov/santa-ana or http://www.publiccounsel.org.  Clinic staff can respond to many questions with a telephonic appointment or through your email account.

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-05845-FWS-DFM                                      Date: February 28, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

## IV. Disposition

For the reasons stated above, Plaintiff Patrick Jevon Johnson is **ORDERED TO SHOW CAUSE** in writing why the Complaint should not be stricken as an impermissible filing of a non-attorney not appearing pro se no later than **March 15, 2023, at 12:00 p.m.**

Initials of Deputy Clerk:  mku