_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-05845-FWS-DFM                                      Date: April 24, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Not Present                                                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE**

**I.   Background**

On August 1, 2022, Plaintiff Mark Irvin Ritchie initiated this RICO action against the Securities and Exchange Commission ("SEC") in the United States District Court for the Northern District of Texas, purportedly on behalf of Plaintiff Patrick Jevon Johnson.  (*See* Dkt. 1 ("Compl.").)  Mr. Ritchie alleges that he may represent Mr. Johnson because he exercises "power of attorney for the Patrick Jevon Johnson Ecclesiastical Estate."  (*Id.* at 2.)  On August 17, 2022, this case was transferred to the Central District of California.  (Dkt. 6.)  On January 3, 2023, Mr. Ritchie filed proof of service indicating he served the SEC and its attorneys by mailing a copy of the Summons and Complaint to their Los Angeles office and emailing another copy to the attorneys.  (*See* Dkt. 25.)  On January 24, 2023, this action was transferred to this court because it relates to another pending case, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM.  (Dkt. 30.)

Mr. Ritchie also appeared in the related case, purporting to represent Mr. Johnson, a defendant in that action, and two other defendants, Frank Ekejija and NVC Fund, LLC.  On November 2, 2022, Mr. Ritchie filed a Notice of Appearance using the Central District of California's Form G-123 titled "Notice of Appearance or Withdrawal of Counsel."  (*See* Notice of Appearance or Withdrawal of Counsel For Attorney Mark-Irvin Ritchie Counsel for

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                              Date: April 24, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

Defendants Frank Ekejija, Patrick Jevon Johnson, NVC Fund, LLC, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Nov. 2, 2022), Dkt. 173.) The Notice of Appearance did not include a California state bar number or similar information identifying Mr. Ritchie as an attorney in good standing admitted to this court or any other jurisdiction; instead, the form indicated that Mr. Ritchie intended to appear pro hac vice and listed an address for Mr. Ritchie in Georgia. (*Id.* at 1.) Mr. Ritchie also filed a "Letter from Mark-Irvin Ritchie re filing a G-123" on the same day, stating "[t]his is an effort to justify extraordinary ex parte relief for defendants who are deeply disadvantaged by irreparable prejudice against parties who are without fault, i.e., no claims nor allegations regarding damage against them." (*See* Letter from Mark-Irvin Ritchie Re Filing A G-123 with the Clerk, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Nov. 2, 2022), Dkt. 172 at 1.) In that filing, Mr. Ritchie indicated he was not an attorney stating: "I do not practice law, I am ecclesiastically and constitutionally bound to enforce the law." (*Id.*)

On November 15, 2022, the court struck Mr. Ritchie's filings as impermissible filings by a non-attorney not appearing pro se. (*See* Order Striking Filings by Non-Attorney, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Nov. 15, 2022), Dkt. 187.) The court similarly struck additional filings from Mr. Ritchie on December 20, 2022, and January 3, 2023. (*See* Order Striking Affidavit, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Dec. 20, 2022), Dkt. 192; Order Striking Objection and Notice, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Jan. 3, 2023), Dkt. 196.)

On February 28, 2023, the court issued an Order to Show Cause why the Complaint in this matter should not be stricken as an impermissible filing of a non-attorney not appearing pro se. (Dkt. 35.) On March 15, 2023, Plaintiff Patrick Johnson filed a response stating, in relevant part:

> The Court is advised that in this matter that is connected to 2:20-CV-08985-FWSDFM with the Court calendar VACATED. That matter is amidst settlement efforts.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                              Date: April 24, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

> The Court is further advised that in this matter is based on that matter. In the matter of 2:20-CV-08985-FWS-DFM judicial immunity has been waived and the controversy has been removed with an expressed intent to settle. This relieves the Court in this matter from the burden of a high probability of this case going to court. With all due respect, the court is asked not to dismiss this matter, in that Mark Ritchie and I are working to reach a settlement that the court can sign shortly.
>
> Case 2:20-CV-08985-FWS-DFM will be settled privately and confidentially. The Court has demonstrated patience and your patience will not be pressed much longer. Once Case 2:20-CV-08985-FWS-DFM is settled in favor of the defendants Case 2:22- CV-05845- FWS-DFM will be withdrawn by the plaintiffs.
>
> I explicitly reserve our rights in every situations into perpetuity without exception pursuant to UCC 28 § 1-308, Public Law 28:1-207 (1963).

(Dkt. 37 at 2.)

The related case, No. 2:20-cv-08985, was closed on March 22, 2023. *See* Final Judgment as to Defendant NVC Fund, LLC, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Mar. 22, 2023), Dkt. 219.

## II.   Legal Standard

### A.   Pro Se Representation

"The causes of action on which civil litigants may proceed without counsel are limited by statute." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). "The general rule establishing the right of an individual to represent oneself in all federal courts of the United States is contained in 28 U.S.C. § 1654." *Id.* This statute provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                              Date: April 24, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

the rules of such courts, respectively, are permitted to manage and conduct cases therein." 28 U.S.C. § 1654; *see also C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (explaining statute's history and meaning). "It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon*, 546 F.3d at 664 (citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)). Thus, a non-attorney "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Tr.*, 818 F.2d at 697; *see also Simon*, 546 F.3d at 664-65 (collecting cases).

The Central District of California's Local Rules mirror this rule by requiring "an appearance for the Court on behalf of another person, an organization, or a class [to] be made only by members of the Bar of this Court, as defined in L. R. 83-2.1.2," absent limited exceptions inapplicable here. L. R. 83-2.1.1.1. The Local Rules further provide that "[a]ny person representing himself or herself in a case without an attorney must appear pro se for such purpose," and "that representation may not be delegated to any other person—even a spouse, relative, or co-party in the case." L. R. 83-2.2.1.

**B.     Service**

Federal Rule of Civil Procedure 4(i) mandates that a party serve a United States agency, corporation, or a United States officer or employee sued only in an official capacity, by: (1) serving the United States; and (2) sending "a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                          Date: April 24, 2023

Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

 (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

 (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

### III.   Discussion

 The court finds Mr. Ritchie and Mr. Johnson have not adequately discharged the outstanding Order to Show Cause. Since filing the Complaint, Mr. Ritche has not submitted a state bar number in any filing, an application to appear pro hac vice, or any document specifying his credentials to appear before the court. (*See generally* Dkt.) Instead, Mr. Ritchie asserts he does not require a license to practice law. (*See, e.g.*, Compl. at 2 ("Ritchie is not a B.A.R. Attorney nor does he aspire to be one. The B.A.R. is not required to secure justice nor is the B.A.R. the republic form of government and therefore cannot be used to block our access to justice.").) Because Mr. Ritchie explicitly indicates he is not a licensed attorney, the court finds he "has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Tr.*, 818 F.2d at 697; *see also* L. R. 83-2.1.1.1; L. R. 83-2.2.1.

 Mr. Ritchie's purported power of attorney as to Mr. Johnson does not alter that conclusion. *See Bank of N.Y. Mellon v. Perry*, 2017 WL 5709894, at *5 (D. Haw. Nov. 27, 2017) ("[Non-attorney] is cautioned that he may not represent [Defendant] under a 'Special Power of Attorney,' or as his duly 'authorized Trustee,' or 'agent.'"); *Barker v. JP Morgan Chase Bank*, 2016 WL 9453816, at *1 (N.D. Ga. Mar. 25, 2016) ("[T]he existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney.").

 Although Plaintiffs have not discharged the Order to Show Cause, the court declines to strike the Complaint at this time because Mr. Ritchie and Mr. Johnson may represent

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                                   Date: April 24, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

themselves pro se and assert claims on their own behalf. However, Mr. Ritchie is again advised that he may not represent Mr. Johnson, and any documents he files on Mr. Johnson's behalf will be stricken as impermissible filings by a non-attorney representative.

In addition, the record reflects insufficient proof of service on the SEC and its individual officers. Mr. Ritchie filed a document indicating he served "all parties to this action," including Defendants SEC, Robert Tercero, and Manuel Vazquez, by mailing the Complaint to the SEC's Los Angeles office and emailing the Complaint to the individual attorneys on January 3, 2023.[1] (*See* Dkt. 25.) This proof of service does not comport with either Federal Rule of Civil Procedure 4(i)(1) or (m). *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Accordingly, Plaintiff Ritchie and Plaintiff Johnson are **ORDERED TO SHOW CAUSE** in writing **by May 5, 2023,** why this case should not be dismissed for failure to prosecute. Plaintiff Ritchie and Plaintiff Johnson may also discharge this order by filing proof of service in accordance with Rule 4(i). Failure to comply with the court's order may result in dismissal. *See* Fed. R. Civ. P. 41(b*); Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiffs action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

---

[1] Service by email must be authorized by court order. *See Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Plaintiffs have not requested or received a court order to this effect. (*See generally* Dkt.)

---

**CIVIL MINUTES – GENERAL**                                                                                   6

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                              Date: April 24, 2023

Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

The court again advises Plaintiff Ritchie and Plaintiff Johnson that pro se parties must comply with all court orders, the Central District of California's Local Rules,[2] and the Federal Rules of Civil Procedure.[3]  *See* L. R. 83-2.2.3.  Non-compliance with court orders may result in the imposition of sanctions.  *See* L. R. 83-2.2.4; Fed. R. Civ. P. 41(b) (in general), 37(b) (in discovery).

### IV. Disposition

For the reasons stated above, Plaintiff Ritchie and Plaintiff Johnson are **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for failure to prosecute by **May 5, 2023.**

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

---

[2] The Local Rules are available at http://www.cacd.uscourts.gov/court-procedures/local-rules.
[3] The court may not provide legal advice to any party, including pro se litigants.  Plaintiffs are advised that the Federal Pro Se Clinic offers free information and guidance to individuals representing themselves in federal civil actions.  The Santa Ana Clinic operates by appointment only.  You may schedule an appointment either by calling the Clinic or by using an internet portal.  You can call the Clinic at 714-541-1010, ext. 222, or you can submit an internet request at: https://prose.cacd.uscourts.gov/santa-ana or http://www.publiccounsel.org.  Clinic staff can respond to many questions with a telephonic appointment or through your email account.