_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                                    Date: May 19, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|:---:|:---:|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Not Present                                                         Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE**

**I.      Background**

On August 1, 2022, Plaintiffs Mark Irvin Ritchie and Patrick Jevon Johnson (collectively, "Plaintiffs") initiated this action against the Securities and Exchange Commission ("SEC") and several individual officers in the United States District Court for the Northern District of Texas. (Dkt. 1 ("Compl.").)  The Complaint principally alleges the SEC and its officers violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") by filing a "frivolous" civil enforcement action against Mr. Johnson in *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM.  (Compl. at 3-18.)  On August 17, 2022, this case was transferred to the Central District of California and assigned to Judge Wu.  (Dkt. 6.)

On December 20, 2022, Judge Wu ordered Plaintiffs to show cause why this case should not be dismissed for failure to prosecute by serving the Summons and Complaint.  (Dkt. 24 ("First Order to Show Cause").)  On January 3, 2023, Mr. Ritchie filed Proof of Service stating he served Defendants by mailing a copy of the Summons and Complaint to the SEC's Los Angeles Office and emailing copies to undisclosed email addresses.  (*See* Dkt. 25.)  On January 23, 2023, Plaintiffs issued a status report stating:

> On 20 January 2023 UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S OFFICE OF THE GENERAL

_____

**CIVIL MINUTES – GENERAL**                                                                                     1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                                                  Date: May 19, 2023

Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

> COUNSEL . . . sent a letter refusing to respond until up to 60 days after "(1) the local United States attorney's office; (2) the U.S. Attorney General by registered or certified mail; and (3) the agency, officer, or employee by registered mail None of these events have occurred in this matter." The ESQUIRE . . . is incorrect, the defendants have been served pursuant to the Clerk of Court, see the Court Docket, Items 25 and 26. The plaintiffs are happy to serve the offices mentioned above and will inform the court when the mail has been sent.

(Dkt. 29 at 2.)

On January 24, 2023, the case was transferred to this court because it was related to *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM. (Dkt. 30.) The First Order to Show Cause was not discharged. (*See generally* Dkt.)

Mr. Ritchie also appeared in the related case, purporting to represent Mr. Johnson, a defendant in that action, and two other defendants, Frank Ekejija and NVC Fund, LLC. On November 2, 2022, Mr. Ritchie filed a Notice of Appearance using the Central District of California's Form G-123 titled "Notice of Appearance or Withdrawal of Counsel." *See* Notice of Appearance or Withdrawal of Counsel For Attorney Mark-Irvin Ritchie Counsel for Defendants Frank Ekejija, Patrick Jevon Johnson, NVC Fund, LLC, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Nov. 2, 2022), Dkt. 173. The Notice of Appearance did not include a California state bar number or similar information identifying Mr. Ritchie as an attorney in good standing admitted to this court or any other jurisdiction; instead, the form indicated that Mr. Ritchie intended to appear pro hac vice and listed an address for Mr. Ritchie in Georgia. *Id.* at 1. Mr. Ritchie also filed a "Letter from Mark-Irvin Ritchie re filing a G-123" on the same day, stating "[t]his is an effort to justify extraordinary ex parte relief for defendants who are deeply disadvantaged by irreparable prejudice against parties who are without fault, i.e., no claims nor allegations regarding damage against them." *See* Letter from Mark-Irvin Ritchie Re Filing A G-123 with the Clerk, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                                              Date: May 19, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

DFM (C.D. Cal. Nov. 2, 2022), Dkt. 172 at 1.  In that filing, Mr. Ritchie indicated he was not an attorney stating: "I do not practice law, I am ecclesiastically and constitutionally bound to enforce the law." *Id.*

On November 15, 2022, the court struck Mr. Ritchie's filings in the related case as impermissible filings by a non-attorney not appearing pro se.  *See* Order Striking Filings by Non-Attorney, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Nov. 15, 2022), Dkt. 187.  The court struck additional filings from Mr. Ritchie on December 20, 2022, January 3, 2023, March 13, 2023, March 22, 2023, and April 3, 2023.  *See* Orders Striking Documents, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal.), Dkts. 192, 196, 209, 215, 221.

On February 28, 2023, the court ordered Plaintiffs to show cause why the Complaint in this matter should not be stricken as an impermissible filing of a non-attorney not appearing pro se.  (Dkt. 35 ("Second Order to Show Cause").)  On March 15, 2023, Plaintiff Patrick Johnson filed a response stating, in relevant part:

> The Court is advised that in this matter that is connected to 2:20-CV-08985-FWSDFM with the Court calendar VACATED.  That matter is amidst settlement efforts.
>
> The Court is further advised that in this matter is based on that matter.  In the matter of 2:20-CV-08985-FWS-DFM judicial immunity has been waived and the controversy has been removed with an expressed intent to settle.  This relieves the Court in this matter from the burden of a high probability of this case going to court.  With all due respect, the court is asked not to dismiss this matter, in that Mark Ritchie and I are working to reach a settlement that the court can sign shortly.
>
> Case  2:20-CV-08985-FWS-DFM  will  be  settled  privately  and confidentially.  The Court has demonstrated patience and your patience will not be pressed much longer.  Once Case 2:20-CV-08985-FWS-

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM					Date: May 19, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

> DFM is settled in favor of the defendants Case 2:22- CV-05845- FWS-DFM will be withdrawn by the plaintiffs.
>
> I explicitly reserve our rights in every situations into perpetuity without exception pursuant to UCC 28 § 1-308, Public Law 28:1-207 (1963).

(Dkt. 37 at 2.)

The related case, No. 2:20-cv-08985, was closed on March 22, 2023. *See* Final Judgment as to Defendant NVC Fund, LLC, *SEC v. Johnson et al.*, No. 2:20-cv-08985-FWS-DFM (C.D. Cal. Mar. 22, 2023), Dkt. 219.

On April 24, 2023, the court noted Plaintiffs' response was insufficient to discharge the Order to Show Cause but declined to strike the Complaint at that time because Mr. Ritchie and Mr. Johnson could represent themselves pro se and assert claims on their own behalf. (Dkt. 39 ("Third Order to Show Cause") at 5-6.) The court also ordered Plaintiffs to show cause in writing why this case should not be dismissed for failure to prosecute by serving Defendants in accordance with Federal Rule of Civil Procedure 4(i)(1) or (m) by May 5, 2023. (*Id.* at 6.) As of the date this Order was filed, Plaintiffs have not filed any response to the Third Order to Show Cause. (*See generally* Dkt.)

## II.     Legal Standard

District courts may sua sponte dismiss a plaintiff's action for failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.") (footnote omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."). In considering whether to dismiss a cause for failure to prosecute or failure to comply with a court order, the court must weigh five factors:

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM  Date: May 19, 2023

Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

___

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992). "In a case involving sua sponte dismissal, however, the fifth . . . factor regarding the availability of less drastic sanctions warrants special focus." *Carpenter v. Riverside Sheriff's Off.*, 2022 WL 3082995, at *2 (C.D. Cal. Aug. 3, 2022) (citing *Hernandez*, 138 F.3d at 399). "The district court is not required to make explicit findings on the essential factors." *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996).

### III. Discussion

In this case, the first factor—public interest in expeditious resolution of the ligation—weighs in favor of dismissal. Plaintiffs have not adequately responded to the court's First Order to Show Cause, issued December 20, 2022; its Second Order to Show Cause, issued February 28, 2023; and its Third Order to Show Cause, issued April 24, 2023; or otherwise filed any documents since March 15, 2023. (*See generally* Dkt.) Plaintiffs' failure to prosecute impedes the "expeditious resolution" of this suit, and thus the court finds the first factor weighs in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.2d 983, 990 (9th Cir. 1999) (stating "the public's interest in expeditious resolution of litigation always favors dismissal").

The second factor—the court's need to manage its docket—similarly weighs in favor of dismissal. Plaintiffs' failure to prosecute or follow court orders "hinders the [c]ourt's ability to move this case toward disposition and suggests Plaintiff[s] do[] not intend to litigate this action diligently." *Carpenter*, 2022 WL 3082995, at *2. Furthermore, the record demonstrates that Plaintiffs have had knowledge of the service deficiencies since January 2023 but have not taken any action to remedy those deficiencies. (*See* Dkt. 29 at 2.)

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                                    Date: May 19, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

_____

The third factor—risk of prejudice to the defendants—also weighs in favor of dismissal. The Ninth Circuit has stated:

> the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. . . . . The law presumes injury from unreasonable delay. However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion.

*In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). "Courts also presume prejudice when delay is unreasonable because 'such delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.'" *Wolff v. California*, 318 F.R.D. 627, 631 (C.D. Cal. 2016) (quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002)).

Here, Plaintiffs have not sufficiently demonstrated that the delay resulting from their failure to serve did not prejudice Defendants or provided an adequate explanation for this delay. *See Pagtalunan*, 291 F.3d at 642–43 (finding prejudice when "[petitioner] offered no clear explanations of what actions he actually took during the relevant time periods[,]" even though the respondent had not yet appeared in the action); *Yourish*, 191 F.3d at 991–92 (finding "[p]laintiffs' paltry excuse" for failure to timely file an amended complaint demonstrated "sufficient prejudice to [d]efendants from the delay" such that this factor "strongly favor[ed] dismissal"). The record indicates that Plaintiffs have not adequately served Defendants in the ten months since filing this action despite two court orders instructing Plaintiffs to do so. Accordingly, the court concludes this factor weighs in favor of dismissal.

The fourth factor—the public policy favoring disposition of cases on their merits—almost always weighs against dismissal. *See Hernandez*, 138 F.3d at 399 ("[T]he public policy favoring disposition of cases on their merits counsels strongly against dismissal."). However, "[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                                    Date: May 19, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). In this case, Plaintiffs have not moved towards a disposition on the merits at a reasonable pace by adequately serving Defendants or responding to the court's Third Order to Show Cause within the timeframe allotted by the court. In fact, Plaintiffs have not adequately responded to or discharged any of the orders in the five months since the First Order to Show Cause was issued. Accordingly, the court concludes that the public policy favoring dispositions on the merits weighs against, but does not preclude, dismissal.

      Finally, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. To determine whether a district court has properly considered such alternatives, the Ninth Circuit evaluates whether the district court: (1) "explicitly discuss[ed] the feasibility of less drastic sanctions and explained why alternative sanctions would be inadequate"; (2) "implement[ed] alternative methods of sanctioning or curing the malfeasance before ordering dismissal"; and (3) "warn[ed] plaintiff of the possibility of dismissal before actually ordering dismissal." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987).

      The court previously attempted less drastic sanctions and implemented alternative methods of sanctioning. The court provided Plaintiffs with fifteen days to respond to the First Order to Show Cause. (*See* Dkt. 24.) Although Plaintiffs acknowledged the deficiencies in its Proof of Service, (*see* Dkt. 29 at 2), Plaintiffs did not file any supplemental proof of service, (*see generally* Dkt.) When Plaintiffs did not adequately address the substance of the First Order to Show Cause, the court provided Plaintiffs with an additional two weeks to respond to the Second Order to Show Cause. (*See* Dkt. 35.) Plaintiffs responded but did not address the substance of the Second Order to Show Cause, instead stating "[o]nce [the related case] is settled in favor of the defendants [this case] will be withdrawn by the plaintiffs." (*See* Dkt. 37.) The court then provided Plaintiffs with two weeks to respond to the Third Order to Show Cause. (Dkt. 39.) Plaintiffs did not file any response. (*See generally* Dkt.)

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-05845-FWS-DFM                    Date: May 19, 2023
Title: Mark Irvin Ritchie *et al.* v. Securities and Exchange Commission *et al.*

---

The court also warned Plaintiffs of the possibility of dismissal. The First Order to Show Cause, Second Order to Show Cause, and Third Order to Show Cause each notified Plaintiffs that this case may be dismissed for failure to prosecute, stating that the court "may dismiss the entire action . . . if plaintiff has not diligently prosecuted the action." (*See* Dkt. 24 at 1; Dkt. 35 at 4; Dkt. 39 at 6.) The Second Order to Show Cause and Third Order to Show Cause also cited *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) for the proposition that "[t]he authority of a federal trial court to dismiss a plaintiff's action *with prejudice* because of his failure to prosecute cannot seriously be doubted." (Dkt. 35 at 4 (emphasis added); *see also* Dkt. 39 at 6.) Nonetheless, Plaintiffs did not adequately address the First Order to Show Cause and Second Order to Show Cause or respond at all to the Third Order to Show Cause. Now, Plaintiffs have ceased participating in this lawsuit altogether. (*See generally* Dkt.)

Given Plaintiffs' multiple opportunities to comply with the court's orders, including by properly serving Defendants or responding to the court's orders, the court finds that less drastic sanctions are unavailable in this case. *See Ash*, 739 F.2d at 497 ("[Plaintiff] was notified of the impending dismissal and given an opportunity to preserve his action by explaining the delay and going forward with the case. [Plaintiff] failed to respond to the notice in any way. It was not an abuse of discretion for the district court to decide the disinterest exhibited by [Plaintiff] in relation to the notice was indicative of his interest in the entire case.") Accordingly, the court concludes this factor weighs in favor of dismissal.

Because factors one, two, three, and five weigh strongly in favor of dismissal, the court concludes dismissal under Rule 41(b) is appropriate. The court **DISMISSES** this action **WITHOUT PREJUDICE.**

    **IV.**   **Disposition**

For the reasons set forth above, the case is **DISMISSES WITHOUT PREJUDICE.**

    **IT IS SO ORDERED.**                             Initials of Deputy Clerk: mku

_____